**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

*vs*.                                                                    **CRIMINAL ACTION NO. 1:08CR83-01**

**EDGAR HENRY and**
**KIMBERLEY HENRY,**

    **Defendant.s**

## ORDER/OPINION

On the 16th day of November, 2008, Defendant Kimberley Henry filed a Motion to Recuse Magistrate Judge [Document Entry 15]. On November 17, 2008, Defendant Edgar Henry filed his Notice of Joinder in the Pre-Trial Motions of Co-Defendant Kimberley Henry [Docket Entry 18]. The Court entered an order permitting Co-Defendant Edgar Henry to join in Kimberley Henry's Motion to Recuse Magistrate Judge. The matter was referred to the undersigned United States Magistrate Judge by United States District Judge Irene M. Keeley on November 18, 2008 [Docket Entry 19].

On December 3, 2008, came the Defendants, Edgar Henry and Kimberley Henry, in person, and by their counsel, Charles T. Berry and Brian J. Kornbrath, respectively, and also came the United States by its Assistant United States Attorney, Shawn A. Morgan, for hearing on Defendants' Motion to Recuse Magistrate Judge and the United States' Response thereto.

## CONTENTIONS

In their Motion, Defendants contend:

1. Judge Kaull was the magistrate who reviewed the search warrant application at issue, and later signed and authorized the search warrant itself. Any reviewing court would necessarily be required to review that same decision making process. As "his impartiality might reasonably be questioned" should Judge Kaull be required to review and possibly overturn

his own decision making process, then recusal is appropriate. See: 28 U.S.C. § 455(a).

2. A defendant has a constitutional and statutory right to an impartial and fair judge at all stages of the proceedings. See generally: Liteky v. United States, 510 U.S. 540 (1994). In Liteky, the Supreme Court reaffirmed the "extrajudicial source" doctrine which requires that judicial bias stem from a source independent of the criminal proceedings to require recusal. It is defendant(s') contention that there were no criminal proceedings pending against the defendant(s) when Judge Kaull reviewed the search warrant application at issue and thereafter signed the search warrant authorizing a police search of defendant's residence.

3. An appearance of impropriety exists if the issuing magistrate is the same judge who later must decide whether there was a substantial basis for the issuance of the same warrant he signed. No court should act as a reviewing court for its own prior legal rulings.

The United States contends:

1. Defendants cite no example of Magistrate Kaull relying upon knowledge acquired outside of the judicial proceedings.

2. Defendants do not allege that Magistrate Kaull displayed deep-seated and unequivocal antagonism that would render fair judgment impossible.

3. Defendants erroneously claim that, because Magistrate Judge Kaull reviewed the search warrant applications in this case and then issued the warrants, an appearance of impropriety exists that should preclude him from considering the merits of their motion to suppress challenging the sufficiency of the search warrant applications.

4. Defendants erroneously suggest that no court should act as a reviewing court for its own prior legal rulings. Well-settled precedent confirms that Magistrate Judge Kaull need not recuse himself from consideration of the suppression motion.

**DISCUSSION**

Under 28 USC § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Fourth Circuit has explained that the issue "is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." U.S. v. Mitchell, 886 F.2d 667 (4th Cir. 1989)(citing Aiken County v. BSP Division

2

of Envirotech Corp., 866 F.2d 661, 679 (4th Cir. 1989). "The alleged bias must derive from an extra-judicial source. It must result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter." Id. at 671 (citing In re Beard, 811 F.2d 818, 827 (4th Cir. 1987).

There is no allegation that 28 USC § 455 (b) applies, nor does the undersigned United States Magistrate Judge find it applies. 455(b) provides for mandatory recusal where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . ." There is no allegation that the undersigned has a personal bias concerning the defendants or personal knowledge of disputed evidentiary facts.

Defendants cite Liteky v. United States, 510 U.S. 540 (1994) in support of their argument. In Liteky, the Supreme Court reaffirmed the "extrajudicial source doctrine" which required that judicial bias stem from a source independent of the criminal proceedings to require recusal. Defendants argue that the undersigned's review and issuance of the search warrant in this case is an extrajudicial source because there were no criminal proceedings pending against the defendants at the time the search warrant application was reviewed and the search warrant was issued.

Defendants cite no Fourth Circuit case, or any Court of Appeals case in support of their contention that the reviewing and issuance of a search warrant requires the issuing Magistrate Judge to recuse himself from hearing a motion to suppress based on a lack of probable cause for the issuance of that same search warrant.

The undersigned could find no Fourth Circuit case on point, but has located opinions from the Sixth, Eighth, and Eleventh Circuits that found against recusal in similar circumstances. In U.S. v. Jones, 801 F.2d 304 (8th Cir. 1986), the defendant argued that the district court erred in denying

3

his motion to recuse any judicial officer executing any of the wiretap orders or search warrants in his case. He sought recusal on the ground that the suppression of evidence obtained from the warrant or wiretap would require the judge's initial decision to be overturned. Id. at 312. The appeals court found that under both sections 144 and 455, the moving party is required to show personal bias or prejudice on the part of the presiding judge, and that the judge's bias or prejudice must stem from an extrajudicial source. The court then found: "At no time during the course of this proceeding did Jones show any specific facts indicating personal bias on the part of any judicial officer," and affirmed the denial of the defendant's recusal motion.

The Sixth Circuit likewise found that judges need not recuse themselves from hearing motions to suppress evidence obtained by wiretap warrants signed by the same judge. See, i.e., U.S. v. Lawson, 780 F.2d 535 (6th Cir. 1985); United States v. Murray, 762 F.2d 1013 (6th Cir. 1985), Sutherland v. Irons, 628 F.2d 978 (6th Cir. 1980). In those cases the Sixth Circuit found that "[k]nowledge acquired in the course of earlier participation in the same trial is usually not sufficient grounds for a judge's recusal," thus by implication opining that issuance of a search warrant is "participation in the same trial." Additionally, in Murray, the Sixth Circuit noted:

> The frequent recusal of judges in such situations could lead to a serious procedural headaches for the federal court system. Such a practice might even encourage an unjust form of judge-shopping. Prosecutors might select a trial judge by presenting preliminary wiretap and search authorization requests to certain other district judges in order to disqualify them from trying the case.

Id.

In U.S. v. Slay, 714 F.2d 1093 (11th Cir. 1983), a criminal defendant argued that 455 precluded the same magistrate who issued a search warrant from hearing the suppression motion based upon that warrant. The Eleventh Circuit found that recusal was not necessary so long as the

4

magistrate's decision on the motion to suppress was "based on an impartial consideration of the testimony and the physical evidence presented at the hearing" and did not take into consideration any "extrajudicial source of knowledge." Id. at 1094.

In a treatise on electronic surveillance, Professor and U.S. District Judge James Carr wrote: "The judge who originally issued the surveillance order may also determine challenges made to its issuance and execution, although the judge may recuse himself." Hon. James Carr & Patricia L. Bellia, 2 LAW OF ELECTRONIC SURVEILLANCE § 6:29.

The undersigned has found no Appeals Court decision to the contrary.

The undersigned further notes that there is additional protection afforded Defendants because the disposition of the Motion to Suppress must be made by Report and Recommendation. As such, both parties shall have ten (10) days after the issuance of the R&R to object. See 28 USC § 636(b)(1). Should either party object to the Report and Recommendation the District Court will be required to make a *de novo* determination of the matter. See id. See also United States v. Radditz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

In the instant case, Defendants do not assert that the undersigned considered anything outside of that which was provided in Court during the 2005 suppression hearing or that there was any evidence that the undersigned would consider anything outside of that which is provided in Court during the hearings on the within motions to suppress. In addition, the Defendants do not assert any personal bias against them on the part of the undersigned.

Defendants sole basis for seeking recusal is that the undersigned reviewed the affidavit and application for the search warrant in question and approved and issued the same; thereafter was called upon to review and did review the same during the 2005 suppression hearing and therein upheld the validity of the search warrant and refused to suppress the evidence; and therefore, an

appearance of impropriety in violation of §455(a) is created by the undersigned again being called upon to review the application, affidavit and search warrant pursuant to the instant suppression motion.

The Court finds Defendants' reasoning flawed; at odds with existing circuit court law from other circuits; without any on point support from any case decision by the Fourth Circuit Court of Appeals; and without any factual support.

For all the above reasons, Defendants' Motion to Recuse Magistrate Judge [Docket Entry 15 in both cases] is **DENIED**.

It is so **ORDERED**.

The United States Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record.

DATED: December 3, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE