IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      Petitioner,

v.                        CIVIL ACTION NO.   1:13CV218
                           CRIMINAL ACTION NO. 1:08CR83-2
                                   (Judge Keeley)

**KIMBERLY HENRY,**

      Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15], DENYING
THE PETITION [DKT. NO. 1], AND DISMISSING THE CASE WITH PREJUDICE**

On September 23, 2013, the *pro se* petitioner, Kimberly Henry ("Henry"), filed her motion to vacate, set aside, or correct sentence pursuant to 18 U.S.C. § 2255 (dkt. no. 1). For the reasons that follow, the Court **DENIES** Henry's petition and **DISMISSES** this case **WITH PREJUDICE**.

## I. BACKGROUND

In July 2004, the Drug Enforcement Administration ("DEA") applied for a thermal-imaging search warrant for Edgar and Kimberley Henry's residence in Gilmer County, West Virginia. United States Magistrate Judge John Kaull issued the warrant, which the DEA executed on July 16, 2004. Based on the results of the search, the DEA applied for and obtained a conventional search warrant for the Henrys' property.

Henry subsequently was charged in a three-count indictment on November 3, 2004. The indictment charged one count of conspiracy to

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15], DENYING THE PETITION [DKT. NO. 1], AND DISMISSING THE CASE WITH PREJUDICE**

manufacture and distribute one hundred or more marijuana plants, one count of aiding and abetting in manufacturing one hundred or more marijuana plants, and one count of aiding and abetting possession with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(D), and 846 and 18 U.S.C. § 2.

Henry filed motions to suppress on December 10 and December 13, 2004, challenging the warrant used to search the property. After further motion practice and a series of continuances, the Court set the matter for trial, to commence on July 5, 2006. Prior to trial, it sua sponte raised a Speedy Trial Act issue in light of the Supreme Court's decision in Zedner v. United States, 547 U.S. 489 (2006). After argument, it concluded that the Speedy Trial Act had not been violated. Henry then pleaded guilty to one count of conspiracy to manufacture one hundred or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Her guilty plea, however, was conditioned on her right to appeal the Court's Speedy Trial Act decision.

The Court sentenced Henry to 60 months of imprisonment and four years of supervised release. On appeal, the Fourth Circuit

**HENRY V. USA**  1:13CV218
**USA v. HENRY**  1:08CR83-2

 **ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15], DENYING THE PETITION [DKT. NO. 1], AND DISMISSING THE CASE WITH PREJUDICE**

reversed, finding a violation of the Speedy Trial Act under Zedner. Consequently, it vacated Henry's conviction and sentence and remanded the case.

On October 7, 2008, the government again charged Henry in a three-count indictment alleging one count of conspiracy to manufacture, distribute, and possess with intent to distribute one hundred or more marijuana plants, one count of aiding and abetting in manufacturing marijuana, and one count of aiding and abetting possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(D), 846, and 18 U.S.C. § 2. Following a three-day jury trial, on October 2, 2009, the jury convicted Henry of conspiracy to manufacture, distribute and possess with intent to distribute one hundred or more marijuana plants, and aiding and abetting in manufacturing marijuana, but acquitted her of aiding and abetting possession with intent to distribute marijuana.  On October 19, 2010, the Court sentenced Henry to sixty (60) months of imprisonment on each of the two counts of conviction, to run concurrently, four (4) years of supervised release on each count, to run concurrently, and a total mandatory special assessment of $200.

**HENRY V. USA** 1:13CV218
**USA v. HENRY** 1:08CR83-2

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15], DENYING THE PETITION [DKT. NO. 1], AND DISMISSING THE CASE WITH PREJUDICE**

On November 19, 2010, Henry filed a notice of appeal to the Fourth Circuit in which she raised the following three issues:

1) Whether the thermal-imaging search warrant that led to the seizure of marijuana on her property was valid;
2) Whether the district court erred when it excluded testimony that Edgar Henry used marijuana solely for medical purposes; and,
3) Whether the district court erred in determining that Henry was ineligible to receive "safety valve" sentencing reduction.

On March 8, 2012, the Fourth Circuit affirmed Henry's conviction and sentence in United States v. Henry, 673 F.3d 285 (4th Cir. 2012). Henry completed her term of incarceration on November 8, 2012.

On September 23, 2013, Henry filed the instant petition pursuant to 28 U.S.C. § 2255, asking the Court to dismiss her indictment, including the forfeiture allegation, and to overturn her convictions. Her petition argues the following grounds for relief:

1) Trial counsel was ineffective for:

   a) Refusing to appeal the denial of her motion for Magistrate Judge Kaull to recuse himself from consideration of the motion to suppress the search warrant which he had issued; and

   b) Failing to object to or appeal the district court's decision to dismiss the first indictment without prejudice, following the Fourth Circuit's opinion

**HENRY V. USA**  1:13CV218
**USA v. HENRY**  1:08CR83-2

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15], DENYING THE PETITION [DKT. NO. 1], AND DISMISSING THE CASE WITH PREJUDICE**

       vacating her plea and remanding the case to the district court;

2) Her Sixth Amendment rights were violated when:

   a) The Magistrate Judge considered portions of the search warrant that included mention of petitioner's attendance at public hearings or trials in unrelated federal marijuana cases; and

   b) The District Judge upheld the Magistrate Judge's ruling;

3) The Leon "good faith" exception should not have been applied at the suppression hearing to find that the investigating officer had not engaged in reckless disregard of the truth in his application for the search warrant; and

4) The Magistrate Judge improperly permitted the government's lead investigator to revise his previously sworn testimony after the suppression hearing.

(Dkt. No. 7 at 5-10).

The Court ordered the government to respond, which it did on November 25, 2013, arguing that Henry's claim of ineffective assistance of counsel was unfounded and should therefore be denied, and also that her remaining claims in grounds two through four had been procedurally defaulted. (Dkt. No. 12). Henry replied on December 23, 2013, generally reiterating her previous arguments and refuting the government's contentions. (Dkt. No. 13).

On August 18, 2014, United States Magistrate Judge James E. Seibert issued his Report and Recommendation ("R&R"), recommending

5

**HENRY V. USA** 1:13CV218
**USA v. HENRY** 1:08CR83-2

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15], DENYING THE PETITION [DKT. NO. 1], AND DISMISSING THE CASE WITH PREJUDICE**

that the petition be denied and the case be dismissed with prejudice. (Dkt. No. 15).

Regarding Henry's claims under grounds two through four, Magistrate Judge Seibert noted that those claims were simply an attempt to re-litigate issues surrounding the search warrant, which this Court had already decided through multiple motions to suppress. Id. at 14. Further, he reviewed the record, which established that Henry had challenged the overall sufficiency of the search warrant on direct appeal to the Fourth Circuit, including the same contentions contained in her § 2255 petition. Id. at 14-15. Indeed, the Fourth Circuit had reviewed the entirety of the search warrant and the application and affidavit upon which it was based, finding there was probable cause and that the warrant had been properly issued. Id. at 15.

As to ground one of Henry's claim, the R&R noted that her attorney, both at trial and on appeal, Brian Kornbrath ("Kornbrath"), was not ineffective. Specifically, Kornbrath was not required to file motions that had no reasonable chance of success, nor was he required to present every argument on appeal; rather, he could and should winnow out weaker arguments in favor of stronger arguments that were more likely to succeed. Finally, the R&R

**HENRY V. USA**  1:13CV218
**USA v. HENRY**  1:08CR83-2

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15], DENYING THE PETITION [DKT. NO. 1], AND DISMISSING THE CASE WITH PREJUDICE**

concluded that the law fully supported the Court's decision to dismiss the Henrys' first criminal case without prejudice. Since any appeal of that decision by Kornbrath would have been unsuccessful, he was therefore not ineffective for declining to appeal that issue. Ultimately, Magistrate Judge Seibert concluded that Henry had failed to establish either of the performance or prejudice prongs of an ineffective assistance of counsel claim as required under <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

On September 3, 2014, Henry filed her objections to the R&R, in which she essentially reiterated her previous arguments, adding general and conclusory assertions that the R&R was incorrect because Magistrate Judge Seibert had "ignored or failed to understand" her arguments. (Dkt. No. 18).

## II. STANDARD

"The Court will review <u>de novo</u> any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." <u>Dellacirprete V Gutierrez</u>, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir.1983)).

7

| HENRY V. USA | 1:13CV218 |
|---|---|
| USA v. HENRY | 1:08CR83-2 |

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15], DENYING THE PETITION [DKT. NO. 1], AND DISMISSING THE CASE WITH PREJUDICE**

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson, 605 F. Supp.2d at 749 (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997)). Further, failure to raise "any specific error of the magistrate's review" waives the claimants right to a de novo review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Likewise, "general and conclusory" objections to the magistrate's R&R do not warrant a de novo review by the District Court. Id. (citing Howard's Yellow Cabs, 987 F.Supp. at 474); see also Green v. Rubenstein, 644 F.Supp.2d 723 (S.D.W.Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991).

### III. DISCUSSION

Magistrate Judge Seibert's lengthy R&R contains a thorough and well-reasoned legal analysis based on the record in this case. By and large, Henry's objections reiterate the same arguments previously presented in her petition and her reply to the government's response, all of which the R&R fully addressed. Rather

**HENRY V. USA** 1:13CV218
**USA v. HENRY** 1:08CR83-2

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15], DENYING
THE PETITION [DKT. NO. 1], AND DISMISSING THE CASE WITH PREJUDICE**

than provide specific objections to the R&R, she makes only general and conclusory claims alleging that Magistrate Judge Seibert either ignored or failed to understand her arguments.

Nowhere does Henry point to any particular error or misapplication of the law in the legal analysis contained in the R&R. She merely rehashes her previous assertions that the Court should have suppressed the search warrant because it was improperly granted. She presents no argument whatsoever to dispute the R&R's conclusion that those claims are procedurally defaulted because the validity of the search warrant has already been extensively litigated, including on direct appeal before the Fourth Circuit.

Additionally, Henry again maintains that her attorney was ineffective for not raising certain issues either through motions or during trial, or at the appellate level. In doing so, she reiterates the same arguments previously presented in her petition and reply, all of which the R&R clearly and thoroughly addressed; she utterly fails to point to any specific error in the R&R's application of the law to either her contentions or the facts in this case.

Ultimately, because Henry's objections are "general and conclusory," and fail to offer "any specific error of the

HENRY V. USA                                                      1:13CV218
USA v. HENRY                                                     1:08CR83-2

 **ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15], DENYING
THE PETITION [DKT. NO. 1], AND DISMISSING THE CASE WITH PREJUDICE**

magistrate's review," they are not entitled to de novo review. McPherson, 605 F. Supp.2d at 749 (citations omitted). Following a thorough review of the record, the Court finds no clear error in the R&R and **ADOPTS** it in its entirety.

## IV. CONCLUSION

For the reasons stated, the Court **ADOPTS** the R&R in its entirety (dkt. no. 15), **OVERRULES** Henry's objections (dkt. no. 18), **DENIES** her petition (dkt. no. 1), and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order of to counsel of record.

DATED: September 1, 2016.

> /s/ Irene M. Keeley
> IRENE M. KEELEY
> UNITED STATES DISTRICT JUDGE